# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STEPHEN C. SIEBER,** *et al.*, | * | |
| Plaintiffs-Appellants | * | |
| v. | * | Case No. RWT 11-1314 |
| | * | (Ch. 7 Bankruptcy Ct. Case No. 07-21192) |
| | * | (Adv. No. 11-00113) |
| **THE WASHINGTON POST COMPANIES,** *et al.*, | * | |
| Defendants-Appellees. | * | |

## MEMORANDUM OPINION

Appellants, acting *pro se*, seek review of the dismissal of the constitutional claims alleged in their Complaint in Adversary Case No. 11-00113 by the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"). *See* Appellants' Br. 1, ECF No. 5. For the reasons below, the Court concludes that the constitutional claims asserted against Appelles must be dismissed, and accordingly, the Order of the Bankruptcy Court will be affirmed.

## BACKGROUND

The underlying 105-page Complaint in this case comprises seventeen (17) counts against twenty named Defendants. Although virtually indecipherable, Appellants' primary concern appears to be that, through the administration of the bankruptcy case, Appellees conspired as part of an "insolvency scheme" to pay fraudulent Chapter 7 Trustee legal fees by settling Debtor Stephen Sieber's lawsuit against the Washington Post and Angie's List "for the lowest possible amount of money without paying creditors a dime." *See Compl.* ¶¶ 72, 81, 83, 87, 216, Adversary Case No. 11-00113 (Bankr. D. Md.)

Appellants asserted a variety of causes of actions arising out of this conduct, including (1) claims of conspiracy to defraud creditors;[1] (2) claims of conspiracy to deprive Mr. Sieber of his constitutional rights; (3) a claim of tortious interference with contract; and (4) a claim of breach of contract. In response, Appellees filed various Motions to Dismiss either the Complaint or individual Defendants, for which a hearing was held on April 25, 2011. On April 28, 2011, the Bankruptcy Court issued an order dismissing the Complaint in its entirety as to all Defendants and expressly preserving the Defendants' right to file motions for sanctions for a period of fourteen (14) days. *See* Order of Dismissal, April 28, 2011, *Sieber et al., v. The Washington Post Companies, et al.*, Adversary Case No. 11-00113 (Bankr. D. Md. April 28, 2011).

On May 13, 2011, Appellants filed a notice of appeal from the order of dismissal as it pertains to their constitutional claims. *See* Appellants' Br. 1 (framing issue as whether "the Bankruptcy Court has subject matter jurisdiction over the Constitutional claims."). To the extent Appellants seek to challenge the dismissal of claims other than the alleged constitutional violations, these issues have not been properly preserved on appeal. *See* Fed. R. Bankr. P. 8010(a)(1)(E) (requiring appellant's brief to contain "the contentions of the appellant with respect to the issues presented, and the reasons therefore, with citations to the authorities, statutes and parts of the record relied on"). Accordingly, the only claims at issue in this appeal are the alleged violations of Appellant Stephen C. Sieber's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

---

[1] Appellants' claims relating to the alleged conspiracy to defraud creditors are styled in various ways throughout the Complaint, including alleged violations of the bankruptcy code, common law torts, and alleged abuses of process.

**DISCUSSION**

When a district court reviews a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed *de novo*, whereas findings of fact may be set aside only if clearly erroneous. *See In re Banks*, 299 F.3d 296, 300 (4th Cir. 2002).

The constitutional violations alleged in Appellants' underlying complaint are subject to dismissal for multiple reasons. First, Appellants did not adequately plead any constitutional tort claim against the purely private Appellees. In order to state a *Bivens* claim, a plaintiff must prove that he or she was deprived of his or her constitutional rights by a federal actor or someone acting under color of federal law. *See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("the purpose of *Bivens* is to deter individual *federal* officers from committing constitutional violations") (emphasis in original); *see also Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000) (same). The complaint at issue here contains no such allegations. Thus, because Appellants appealed only the dismissal of their constitutional claims, and because they cannot assert such claims against purely private parties, there is no basis on which to disturb the Bankruptcy Court's dismissal of these claims against these parties.

Second, to the extent Appellants have alleged constitutional violations by federal actors or someone acting under color of law, the complaint is devoid of factual allegations pertaining to them. As to Appellee District of Columbia ("the District"), Appellants never allege that the District engaged in any activity or conduct for which they are entitled to relief, let alone include any factual allegations sufficient to survive a motion to dismiss. Similarly, as to Appellees Clarkson McDow, United States Trustee for Region IV, and Jeanne Course and Leander Barhill, Trial Attorneys in the United States Trustee's Greenbelt, Maryland field office (collectively, the

"U.S. Trustee Defendants"), Appellants fail to specify any constitutional right that the U.S. Trustee Defendants allegedly violated.

Third, the constitutional violations alleged in Appellants' complaint are utterly implausible. In *Bell Atlantic Corp. v. Twombly*, the Supreme Court declared that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court clarified, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.")).

Here, the underlying Complaint contains outrageous, unsubstantiated accusations of conspiracy and misconduct arising from the normal administration of a bankruptcy estate. The unwarranted inferences and conclusory allegations contained therein are not based on any facts alleged and amount to nothing more than a lengthy explication of frivolous legal and factual arguments for which Appellants Stephen and Derrick Sieber have previously been warned. *See*, *e.g.*, Order, March 28, 2011, *Stephen C. Sieber, et al., v. The Washington Post Companies, et al.*, No. 11-cv-758 (D. Md. March 28, 2011).

The Bankruptcy Court's Order of Dismissal will be affirmed. A separate Order follows.


Date: July 8, 2011                         /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE